USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/22/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKYROCKET, LLC d/b/a SKYROCKET TOYS LLC,

                Plaintiff,

-against-

5ATOY STORE, B2B_BABY, COOLTOY STORE, CORDAZLE TOY STORE STORE, DOUBLED, DROPSHIP PROFESSIONAL SERVICE STORE, DZ_JEWELRY A/K/A DZTOYS AND GAMES ONLINE STORE, EDENKING, EKINCHAN, GOOD SISDER STORE, HIZOECHU TOY STORE, JAYSUING, JIANGYUANZE, JINKEDA688, JOCESTYLE GLOBAL DIRECT STORE, JTOY, KIDS_DRESS, KIDS_SHOW, LENOVA, LIANGJINGJING_KITCHE, LIANGJINGJING_NO1, LIANGJINGJING_NO3, LIANGJINGJING_WATCH, LIGHTCRACK, LJ FUN STORE, LOLSURPRISE OFLICIAL STORE, LOYUDAY STORE, MANDYE STORE, MICSELLCOM, MVP999 STORE, NINGBO JINGFENG INTERNATIONAL TRADE CO., LTD., OUMEIDA TOY STORE, SHENZHEN HONGJIAXIN PLASTIC PRODUCTS CO., LTD., SHENZHEN LONGESEN TECHNOLOGY CO., LTD., SHENZHEN XINQI TECHNOLOGY CO., LTD., SHINE FOR YOU STORE, SHOP2945021 STORE, SHOP2951139 STORE, SHOP3661063 STORE, SHOP3680088 STORE, SWEET_CARGO, TOP_TOY, TOYGUYS, TRITRUT, YANGZHOU DU LALA CRAFTS CO., LTD., YANGZHOU HOME KA CRAFTS LTD., YIWU CITY TRENDZ ACCESSORIES CO., LTD., YIWU DEMI ELECTRONIC COMMERCE CO., LTD., YIWU HAO YI PAPER PRODUCTS FIRM and YIWU TOP TOY FACTORY,

                Defendants.

18 Civ. 11280 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Skyrocket, LLC, moves by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 43, in this action for trademark and copyright infringement and related claims, against those Defendants that have not appeared in this action (the "Defaulting Defendants"),[1] Compl., ECF No. 11.  Plaintiff also requests a permanent injunction.  ECF No. 43.  For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED as to its federal claims and its state claim for unfair competition, and otherwise DENIED.  Plaintiff's motion for a permanent injunction is GRANTED as modified below.

I.     Background

On December 4, 2018, Plaintiff filed its complaint and application for a temporary restraining order (the "TRO"), ECF Nos. 1, 18–21, alleging counts of infringement and counterfeiting of its Pomsies interactive plush toy pets for children (the "Pomsies Products"), Compl. ¶ 57.  Plaintiff has a federally registered trademark for the Pomsies Products, (the "Pomsies Mark"); and has filed numerous copyright registrations relating to the Pomsies Products (the "Pomsies Works").  *Id.* ¶¶ 63–66.  Plaintiff brings claims for trademark infringement and counterfeiting of the Pomsies Mark, false designation of origin, passing off, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, copyright infringement of the Pomsies Works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, claims for unlawful false advertising and deceptive business practices in violation of New York

---

[1] Defaulting Defendants are b2b_baby, CoolToy Store, cordazle toy store Store, doubled, Dropship Professional Service Store, Dz_jewelry a/k/a DZ-Toys and Games online store, edenking, ekinchan, GOOD SISDER Store, HizoeChu Toy Store, jaysuing, jiangyuanze, jinkeda688, JOCESTYLE Global Direct Store, jtoy, kids_dress, kids_show, lenova, liangjingjing_kitche, liangjingjing_no1, liangjingjing_no3, liangjingjing_watch, lightcrack, Lj Fun Store, lolSurprise oflicial Store, Loyuday Store, Mandye Store, MVP999 Store, OuMeiDa Toy Store, Shenzhen Hongjiaxin Plastic Products Co., Ltd., Shine For You Store, Shop2945021 Store, Shop2951139 Store, Shop3661063 Store, Shop3680088 Store, sweet_cargo, top_toy, toyguys, tritrut, Yangzhou Home Ka Crafts Ltd., Yiwu Demi Electronic Commerce Co., Ltd., Yiwu Hao Yi Paper Products Firm and YIWU TOP TOY FACTORY.  *See* ECF No. 41; *see also* ECF No. 42.

General Business Law, §§ 349 and 350, and common law unfair competition and unjust enrichment, in connection with Defendants' alleged online sale of counterfeit Pomsies Products. Compl. ¶¶ 1, 99–158.  The same day the Complaint was filed, the Court granted the TRO, authorized alternative forms of service, and directed Defendants to show cause at a hearing on December 18, 2018, why a preliminary injunction should not issue.  ECF No. 8.  On December 11, 2018, Plaintiff served the summons, complaint, TRO, and supporting documents on Defendants.  *See* ECF No. 44-3 ¶ 6.  Defendants failed to appear at the show cause hearing, despite being served with the TRO through the alternative service authorized by the Court.  *See id.*  Accordingly, on December 18, 2018, the Court entered Plaintiff's requested preliminary injunction.  ECF No. 6.

On May 5, 2020, the Clerk of Court entered a certificate of default against Defaulting Defendants.  ECF No. 41.  On May 12, 2020, Plaintiff moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2.  ECF No. 43.  On August 12, 2020, the Court issued an order directing Defaulting Defendants to show cause why a default judgment should not be entered.  ECF No. 50.

On August 18, 2020, Plaintiff's counsel filed an affidavit stating that the following documents were served on Defaulting Defendants by the alternative service authorized by the order to show cause:

1. The order to show cause, ECF No. 50;
2. Plaintiff's memorandum of law in support of its motion for default judgment, ECF No. 45;
3. Declaration of Plaintiff's counsel, Brienne Scully with attached exhibits, Scully Decl., ECF No. 44;
4. Declaration of John Ardell, Plaintiff's co-founder and executive vice president of marketing, Ardell Decl., ECF No. 48; and
5. Plaintiff's proposed default judgment (the "Proposed Judgment"), ECF No. 46.

ECF No. 51.

II.  Liability

Defaulting Defendants defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a). When a default occurs, the Court deems the well-pleaded factual allegations set forth in the complaint relating to liability as true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiff alleges trademark counterfeiting, in violation of 15 U.S.C. § 1114(1)(b); registered trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, passing off, and unfair competition, in violation of 15 U.S.C. § 1125(a); copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*; claims for unlawful false advertising and deceptive business practices in violation of New York General Business Law, §§ 349 and 350; and common law unfair competition and unjust enrichment claims, in connection with Defaulting Defendants' alleged online sale of counterfeit Pomsies Products. Compl. ¶¶ 1, 99–158. The Court addresses each claim in turn.

A.  Trademark Infringement

Under the Lanham Act, counterfeiting and infringement of registered trademarks requires a showing that (1) "plaintiff's mark is entitled to protection," and (2) "defendant's use of the mark is likely to cause consumers confusion[.]" *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816, 2016 WL 11468565, at *3 (S.D.N.Y. Mar. 29, 2016).

Plaintiff demonstrates both elements here. First, Plaintiff has submitted United States trademark registration as evidence that the Pomsies Mark is protectible. Compl. Ex. B; *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) ("A certificate of

registration with the [Patent and Trademark Office] is *prima facie* evidence that the mark is registered and valid (*i.e.* protectible).").

Second, although normally an analysis of consumer confusion is a fact-specific inquiry under the factors enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), where a "counterfeit" is involved—"a spurious mark which is identical with, or substantially indistinguishable from, a registered mark"—"the Court need not undertake a factor-by-factor analysis under *Polaroid* because counterfeits, by their very nature, cause confusion." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012) (citations omitted). Plaintiff has alleged that Defaulting Defendants' Pomsies Products are counterfeits. Compl. ¶¶ 81–92. Accordingly, Plaintiff is entitled to judgment on its trademark counterfeiting and infringement claims.

### B. False Designation of Origin, Passing Off, and Unfair Competition

A plaintiff who has established its claim for trademark infringement under § 1114 has similarly demonstrated its claim for false designation of origin, passing off, and unfair competition under § 1125. *Burberry Ltd. & Burberry USA v. Designers Imps., Inc.*, No. 07 Civ. 3997, 2010 WL 199906, at *7 (S.D.N.Y. Jan. 19, 2010). Accordingly, Plaintiff is also entitled to judgment on those claims.

### C. Copyright Infringement

To prevail on a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) infringement of that copyright by the defendant. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). There is a statutory presumption that registered copyrights are valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). To establish infringement, a plaintiff must show that (1) "defendant has actually copied []

plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between []
defendant's work and the protectable elements of [] plaintiff's" work. *Id.* at 110 (quoting *Hamil
Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)) (emphasis omitted). If the two works are "so
strikingly similar as to preclude the possibility of independent creation, copying may be proved
without a showing of access," that is, through indirect evidence. *Lipton v. Nature Co.*, 71 F.3d
464, 471 (2d Cir. 1995) (quotation marks and citations omitted). Substantial similarity, in turn,
hinges on "whether an average lay observer would recognize the alleged copy as having been
appropriated from the copyrighted work." *Hamil Am., Inc.*, 193 F.3d at 100.

Both elements are met here. Plaintiff is the owner of several U.S. copyright registrations
related to various Pomsies Products. Compl. ¶ 66; Compl. Exh. C. This allegation establishes
the statutory presumption of validity. For the same reasons that the allegations in Plaintiff's
complaint establish that the products at issue are counterfeits, Plaintiff has demonstrated actual
copying and substantial similarity. Plaintiff's allegations establish that because the products are
so strikingly similar, *see, e.g.* Compl. ¶ 87, it logically follows that Defaulting Defendants had
access to its products and created works that were substantially similar to Plaintiff's works.
*William Mark Corp. v. 1&CC*, No. 18 Civ. 3889, 2019 WL 4195365, at *7 (S.D.N.Y. May 20,
2019). Accordingly, Plaintiff is entitled to a judgment on its copyright infringement claim.

D. New York Business Law Claims

Next, Plaintiff alleges violations of the New York General Business Law's prohibitions
on deceptive acts and practices and false advertising, N.Y. Gen. Bus. L. §§ 349–50, predicated
on its factual allegations that Defaulting Defendants' sales and advertising of counterfeit
products "deceive consumers, the public, and the trade with respect to the source and origin of"
their products. Compl. ¶ 96. But, "infringement claims are not cognizable under the[] statute[]

unless there is a specific and substantial injury to the public interest over and above the ordinary trademark infringement or dilution." *Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486–87 (S.D.N.Y. 2002) (citation omitted).  Accordingly, courts in this district have generally held that "trademark cases are outside the scope of this general consumer protection statute." *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 413 n.2 (S.D.N.Y. 2002).  Therefore, Plaintiff has failed to state a claim under both provisions, and is not entitled to a judgment on these claims.

      E.  Common Law Claims

Finally, Plaintiff alleges unfair competition and unjust enrichment in violation of New York common law.  To establish a claim for unfair competition, a plaintiff must allege (1) "misappropriation of the labors and expenditures of another," that is (2) "likely to cause confusion or to deceive purchasers as to the origin of the goods," and (3) is done in "bad faith." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34–35 (2d Cir. 1995) (quotation marks and citation omitted).  When there is a parallel Lanham Act claim, a plaintiff establishes a claim for common law unfair competition by stating their "Lanham Act claim coupled with a showing of bad faith or intent." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 157 (E.D.N.Y. 2016) (citation omitted).  "Use of a counterfeit mark creates a presumption of bad faith." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010) (citation omitted).  Because Plaintiff has made out a Lanham Act claim for trademark infringement based on alleged counterfeit products, it has met the unfair competition elements as well.

However, Plaintiff's claim for unjust enrichment fails.  Under New York law, a plaintiff seeking to establish such a claim must show (1) that the "defendant was enriched; (2)

at plaintiff's expense; and (3) equity and good conscience militate against permitting defendant to retain what plaintiff seeks to recover." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). But, unjust enrichment is available "only in unusual situations when, though [] defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from [] defendant to [] plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Courts in this Circuit routinely dismiss unjust enrichment claims brought in Lanham Act cases like the present matter. *E.g.*, *WowWee Grp. Ltd. v. Meirly*, No. 18 Civ. 706, 2019 WL 1375470, at *8 (S.D.N.Y. Mar. 27, 2019) (collecting cases). Accordingly, Plaintiff is not entitled to a default judgment on its unjust enrichment claim.

Plaintiff has, therefore, demonstrated entitlement to a judgment against the Defaulting Defendants on its federal claims and its common law claim for unfair competition, and its motion for a default judgment on these claims is GRANTED. It has not prevailed on its remaining common-law claim for unjust enrichment, or its claims under the New York General Business Law, and thus, its motion for a default judgment on those claims is DENIED. The Court next considers Plaintiff's entitlement to damages on its federal trademark claims.[2]

III.   <u>Statutory Damages</u>

To determine damages on a default judgment, a plaintiff bears the burden to "introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y.

---

[2] Plaintiff seeks damages under the Lanham Act "without waiving their claims under the Copyright Act," ECF No. 45 at 9. It states it "does not seek monetary relief in connection with the remaining causes of action plead in the [c]omplaint." *Id.* at 1 n.2. Although some courts have concluded that plaintiffs "are not entitled to duplicative recoveries for the same intellectual property theft under multiple theories of liability," *TU v. TAD Sys. Tech. Inc.*, No. 08 Civ. 3822, 2009 WL 2905780, at *4 (E.D.N.Y. Sept. 10, 2009); *see also Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995), the Court need not address this question, as Plaintiff seeks statutory damages under the Lanham Act only.

Apr. 18, 2013), *report and recommendation adopted*, No 12 Civ. 1369, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).  The Court may grant damages on a default judgment based only on affidavits "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 619 (S.D.N.Y. 2011) (alteration in original) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In other words, a court must be able to evaluate the fairness of the proposed damages award "based on admissible evidence." *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14 Civ. 6911, 2016 WL 658310, at *3 (S.D.N.Y. Feb. 17, 2016) (citations omitted), *report and recommendation adopted*, No. 14 Civ. 6911, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016).

Plaintiff seeks statutory damages from each of the Defaulting Defendants on its claims for trademark counterfeiting and infringement in the amount of $50,000.  Scully Decl. ¶ 8.  The Lanham Act permits a plaintiff to opt to recover statutory damages in lieu of actual damages, of a minimum of $1,000 per counterfeit mark and a maximum of either $200,000 or, if "the use of the counterfeit mark was willful," $2,000,000, per counterfeit mark, "as the Court considers just."  15 U.S.C. § 1117(c).

Courts have wide discretion in determining the amount of statutory damages.  *See, e.g.*, *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986).  In making that determination, courts consider:

> (1) the expenses saved and the profits reaped by defendant; (2) the revenues lost by plaintiff; (3) the value of the copyright or mark; (4) the scale of defendant's infringement; (5) whether defendant's conduct was innocent or willful; (6) whether defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant and others.

*Ideavillage Prod. Corp. v. OhMyGod 1*, No. 18 Civ. 9999, 2020 WL 6747033, at *3 (S.D.N.Y. Nov. 17, 2020) (citation omitted); *see also Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 425 (S.D.N.Y. 2018).

Here, "[b]y virtue of the default, [Defaulting Defendants'] infringement is deemed willful[.]" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). Further, Defaulting Defendants' failure to appear has made determining their profits, and Plaintiff's lost revenues, nearly impossible. Ardell Decl. ¶¶ 7–9. Plaintiff has further established the high value of the Pomsies Products and the related trademark and copyright registrations, Compl. ¶¶ 67–72, and the large scale of infringement, Scully Decl. ¶¶ 25–26.

Plaintiff requests awards of $50,000 against each of the Defaulting Defendants, each of whom, based on evidence from Plaintiff's investigator, New Alchemy Limited, Compl. ¶ 81, has made anywhere from one to thirty-five infringing uses of the Pomsies Marks. *See* Scully Decl., Exhibit E, ECF No. 44-5. Moreover, Plaintiff has established that the available discovery likely undercounts the number of products sold, as the discovery is limited to one online storefront. Scully Decl. ¶¶ 23–26. Other courts have granted Plaintiff and other similarly-situated plaintiffs equivalent awards. *See Off-White LLC v. 5HK5584*, No. 19 Civ. 672, 2020 WL 3050552, at *1 (S.D.N.Y. June 8, 2020); *Ideavillage Prod. Corp. v. Aarhus*, No. 18 Civ. 2739, 2019 WL 2290514, at *9 (S.D.N.Y. May 7, 2019), *report and recommendation adopted*, No. 18 Civ. 2739, 2019 WL 2287726 (S.D.N.Y. May 28, 2019). Accordingly, the Court finds that the statutory damages sought by Plaintiff are appropriate. Post-judgment interest shall be awarded on these amounts pursuant to 28 U.S.C. § 1961.

IV.     Injunctive Relief

Plaintiff moves for a permanent injunction (1) prohibiting the Defaulting Defendants from further counterfeiting or infringing the Pomsies Marks and the Pomsies Works, (2) requiring them to deliver to Plaintiff for destruction all infringing products, and (3) prohibiting third-party service providers and financial institutions from providing services to Defaulting Defendants, or moving their assets or evidence related to the assets.  Proposed Judgment § III, ECF No. 46.  The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable," 15 U.S.C. § 1116(a), which courts regularly use to grant injunctions on default, *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4 ("It is well-established that a court may grant a permanent injunction as part of a default judgment.").  Plaintiff must therefore demonstrate (1) that it will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law, such as monetary damages, are inadequate to compensate it for that harm; (3) the balance of hardships; and (4) that the public interest would not be disserved by a permanent injunction.  *See Salinger v. Colting*, 607 F.3d 68, 77–78 (2d Cir. 2010).

Plaintiff has established these elements.  Plaintiff has alleged that Defaulting Defendants' conduct has caused irreparable harm to its business and the goodwill associated with the Pomsies Products, *see, e.g.*, Compl. ¶ 120, and that Defaulting Defendants' willful infringement and counterfeiting, along with their failure to appear in this action, demonstrates that they will continue this harm absent court order, *WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893, 2019 WL 1316106, at *5 (S.D.N.Y. Mar. 22, 2019).  Plaintiff's hardship is evident, and it is "axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product," *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted); accordingly, the

balance of hardships weighs in favor of Plaintiff. Finally, "[a] permanent injunction would also promote the public interest in freedom from deception in the marketing of consumer goods." *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4.

However, the proposed injunction is too broad in several respects. First, the injunction seeks to bind "officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of [the] Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of" the judgment. Proposed Judgment § III(1).[3] Federal Rule of Civil Procedure 65(d)(2) permits courts to bind non-parties "only" if they are "the parties' officers, agents, servants, employees, and attorneys [and] other persons who are in active concert or participation with" those specifically named in Rule 65(d)(2). Fed. R. Civ. P. 65(d)(2). As other courts have observed, therefore, the language of Proposed Judgment § III(1) is overbroad, and the Court shall strike the reference to "successors and assigns," and add the word "active" before "concert" to track Rule 65(d)(2). *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 377 (S.D.N.Y. 2020), *adhered to in relevant part on reconsideration*, No. 18 Civ. 1774, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 Civ. 8406, 2021 WL 2555636, at *3 (S.D.N.Y. June 22, 2021).

Moreover, Proposed Judgment §§ III(1)(F)(i) and (ii) are overbroad, as they require retention of documents not related to the sale of the counterfeit products at issue. *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d at 377–79. Therefore, the Court shall strike those provisions.

---

[3] The Proposed Judgment appears to erroneously refer to the first sub-section of § III as § III(2). The Court utilizes the correct numbering convention herein.

Finally, Proposed Judgment §§ III(3) and (4), which seek to bind financial institutions and third-party internet service providers, are overbroad. The Court has no authority to enjoin third parties not before the Court who are not in active concert with Defaulting Defendants. *Spin Master Ltd. v. 158*, 463 F. Supp. 3d at 380–81 ("This [c]ourt cannot prejudge now—before knowing the facts—whether any particular financial institution or third-party service provider is necessarily and by definition an aider and abettor.").

In addition, the Court shall not, by freezing Defaulting Defendants' accounts, grant Plaintiff rights to the assets in the accounts superior to those of other creditors with possibly equal or superior rights to those assets. *Id.* at 381. And, the Court shall not enjoin the third-party internet service providers from offering services unrelated to the products at issue here. *Id.* at 381–82 (noting that such an injunction would not be "narrowly tailored to fit specific legal violations." (quoting *Victorinox AG v. B & F Sys., Inc.*, 709 F. App'x 44, 51 (2d Cir. 2017))); *Allstar Mktg. Grp. v. AFACAI, LLC*, 2021 WL 2555636, at *3–4. Though the Court is sympathetic to the "the difficulty of policing counterfeiting operations, and the potentially salutary effect of a judicial order that completely terminates any future commercial operations of a counterfeiter as a sanction for its behavior," an overbroad injunction is not a "proportionate remedy" to the acts at issue here. *Allstar Mktg. Grp., LLC v. 158*, No. 18 Civ. 4101, 2019 WL 8509382, at *2 (S.D.N.Y. Mar. 12, 2019), *reconsideration denied*, No. 18 Civ. 4101, 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019). Therefore, the Court shall strike §§ III(3) and (4) from the Proposed Judgment.

Accordingly, Plaintiff's motion for a permanent injunction is GRANTED with the above modifications.

V.     Post-Judgment Asset Restraint and Transfer

Finally, Plaintiff further seeks a post-judgment asset restraint and transfer under Federal Rules of Civil Procedure 64 and 65, and 15 U.S.C. § 1116(a), or, in the alternative, New York Civil Practice Law and Rules § 5222. ECF No. 45 at 15–23; Proposed Judgment § VI.

In similar cases, courts have determined that Plaintiff's requested post-judgment relief is not available under Rules 64 and 65 and 15 U.S.C. § 1116(a). *See Allstar Mktg. Grp., LLC v. AFACAI*, 2021 WL 2555636, at *6–7 (concluding that Rule 64 applies only to provisional remedies, rather than final relief; that Rule 65 cannot be used to circumvent the more specific Rule 69's provisions and cannot bind third parties not in active concert with the defaulting defendants, and that § 1116(a) does not govern the execution of a judgment); *Allstar Mktg. Grp., LLC v. Bigbigdream320*, No. 19 Civ. 3182, 2020 WL 5836514, at *7 (S.D.N.Y. Sept. 30, 2020) ("Because the Court is not aware of any reasoned authority providing for such relief, it adheres to its conclusion . . . that the only post-judgment remedies available to [p]laintiff are those under Rule 69 and state law.") (emphasis omitted).

Any post-judgment relief available to Plaintiff is governed by state law. Fed. R. Civ. P. 69 ("The procedure on execution . . . must accord with the procedure of the state where the court is located[.]"). In New York, the applicable procedure is found in N.Y. C.P.L.R. §§ 5222 and 5225. Section 5222 provides that a judgment creditor may serve a restraining notice upon any person or entity holding the property of the debtor, thereby prohibiting that person or entity from transferring, selling, or destroying the property. N.Y. C.P.L.R. § 5222. Section 5225 provides that, for property not in the possession of the judgment debtor,

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to

14

the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. § 5225(a).  Because relief here is proper under N.Y. C.P.L.R. § 5222, Plaintiff may serve upon the Defaulting Defendants a restraining notice forbidding them to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subsections (h) and (i) of Section 5222 of the C.P.L.R.  *Allstar Mktg. Grp., LLC v. Bigbigdream320*, No. 2020 WL 5836514, at *7.  However, Plaintiff has not shown it has given the Defaulting Defendants the proper notice required to be afforded relief under § 5225.  Moreover, § 5225 requires identification of a particular piece of property, not frozen assets generally.  *Id*.  Therefore, the Court concludes that relief under § 5225 is not proper here, and shall strike § VI from the Proposed Judgment.  *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED on its federal claims and its common-law claim for unfair competition, and otherwise DENIED.  The Court shall enter a separate judgment reflecting the modifications to the Proposed Judgment described in this order.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 22, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge